UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAYS INNS WORLDWIDE, INC., a Delaware Corporation,<br>                      Plaintiff,<br><br>                      v.<br><br>KWI SOON YI, an individual,<br><br>                      Defendant. | **OPINION**<br><br>Civ. No. 16-4547 (WHW)(CLW) |

**Walls, Senior District Judge**

      Plaintiff Days Inns Worldwide, Inc. moves under Fed. R. Civ. P. 55 for default judgment against Defendant Kwi Soon Yi. Days Inns asserts that Defendant breached a license agreement for the operation of a lodging facility. Defendant has failed to plead or otherwise defend this lawsuit. Decided without oral argument under Fed. R. Civ. P. 78, Plaintiff's motion is granted.

**PROCEDURAL AND FACTUAL BACKGROUND**

      Days Inns Worldwide ("DIW") is a Delaware corporation with its principal place of business in Parsippany, New Jersey. Compl., ECF No. 1 ¶ 1. Defendant Kwi Soon Yi ("Yi") is a citizen of California. *Id.* ¶ 2. On May 26, 2009 DIW entered into a franchise agreement with Yi for the operation of a 32-room Days Inn guest lodging facility in Salinas, California ("the Facility"). *Id.* ¶ 6; Aff. of Suzanne Fenimore in Supp. of Mot. for Final J. by Default ("Fenimore Aff.") ECF No. 7-3 ¶ 3. The franchise agreement was to last for a term of fifteen years. *See id.* Ex. A § 5. Under the agreement, Defendant was to make periodic payments to Days Inns for

royalties, advertising, marketing, training, taxes, interest, and other fees (collectively, the "Recurring Fees"). *See id.* § 7. Interest was to be paid "on any past due amount payable to [DIW] under [the] Agreement at the rate of 1.5% per month . . . accruing from the due date until the amount is paid." *Id.* § 7.3. Defendant was also required to obtain and maintain insurance coverage required by the Plaintiff's Standards Manual, from insurers meeting the standards established in the Manual. *Id.* § 3.8.

Defendant repeatedly failed to pay Recurring Fees owed to Plaintiff, and to provide proof that he obtained the minimum insurance coverage required under the franchise agreement. In a series of six letters spanning the period from March 27, 2015 to February 23, 2016, Plaintiff repeatedly advised Defendant that he was in breach of the franchise agreement and that if his defaults were not cured, the franchise agreement would be subject to termination. Fenimore Aff. ¶¶ 16-21. On March 24, 2016, Plaintiff terminated the franchise agreement due to Defendant's continued failure to meet his obligations to obtain insurance and pay Recurring fees as required by the franchise agreement. *Id.* Ex. H. Defendant was advised that under the franchise agreement, he was required to pay Plaintiff $64,000 in liquidated damages. *Id.*

DIW filed the complaint in this matter on July 27, 2016. Compl. ECF No.1; *see also* Certification of Bryan P. Couch in Supp. of Mot. for Final J. by Default, ECF No. 7-2 ¶ 3. The summons and complaint were served on Yi on August 21, 2016. *Id.* ¶ 5. The Clerk of the Court entered default against Defendant on September 16, 2016 for failure to plead or otherwise defend this action. *Id.* ¶ 7. DIW informed Defendant of this entry of default by letter. *Id.* ¶ 8. Defendant has not responded. Plaintiff now seeks $146,356.99 in damages for outstanding Recurring Fees, interest and liquidated damages. Fenimore Aff. ¶ 31.

## STANDARD FOR DEFAULT JUDGMENT

Three factors are considered when evaluating a motion for default judgment under Fed. R. Civ. P. 55: (1) whether there is "prejudice to the plaintiff if default is denied," (2) "whether the defendant appears to have a litigable defense," and (3) "whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000). Factual allegations in a complaint will be treated "as conceded by the defendant," *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 (3d Cir. 2005), but a court will inquire "into whether the unchallenged facts constitute a legitimate cause of action." *Days Inns Worldwide, Inc. v. Mayu & Roshan, L.L.C.*, 2007 WL 1674485, at *4 (D.N.J. June 8, 2007) (citations omitted). A court does not accept the alleged amount of damages as true. *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990). A court may determine damages without a hearing "as long as [it] ensure[s] that there [is] a basis for the damages specified in the default judgment." *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997).

## DISCUSSION

### I.   Jurisdiction

Subject matter jurisdiction exists under 28 U.S.C. § 1332. Plaintiff is a Delaware Corporation with its principal place of business in New Jersey. Compl. ¶ 1. Defendant is a citizen of California. *Id.* ¶ 2. The amount in controversy at the time of filing exceeded $75,000. Fenimore Aff. ¶ 31; *id.* Ex. J. Personal jurisdiction exists because Defendant consented "to the non-exclusive personal jurisdiction of and venue in . . . the United States District Court for the District of New Jersey. . . ." *Id.* Ex. A § 17.6.3.

## II.    Default Judgment is Appropriate

This action is based on the Defendant's breach of contract. New Jersey law governs the contract under the license agreement's choice of law provision. Fenimore Aff. Ex. A § 17.6.1. The elements of a breach of contract claim are "(1) a contract between the parties; (2) a breach of that contract; (3) damages flowing therefrom; and (4) that the party stating the claim performed its own contractual obligations." *Frederico v. Home Depot*, 507 F.3d 188, 203 (3d Cir. 2007). The parties here entered into a contract for the operation of a Days Inn lodging facility in exchange for Recurring Fees. Defendant breached that contract by failing to pay those fees, and by failing to obtain the insurance coverage required under the contract. DIW performed its own contractual obligations by providing the services promised. *See* Fenimore Aff., Ex. I (itemizing DIW's services that were the basis for the Recurring Fees). Damages resulted from the breach because DIW performed services without receiving compensation. Plaintiff has pled the elements of this claim and put forth unchallenged facts which constitute a legitimate cause of action.

Default judgment is appropriate. DIW will suffer prejudice if default is denied because it will continue to not receive the fees to which it is contractually entitled. Defendant has not put forward facts or arguments to suggest that they have a litigable defense in the more than four months since this action was filed. They have failed to retain counsel since the filing of the complaint. Having considered the *Chamberlain* factors in light of these facts, the Court grants default judgment.

## III.    The Amount of Damages Is Satisfactorily Established

DIW seeks damages of $146,356.99. Fenimore Aff. ¶ 31. That amount accounts for Recurring Fees and liquidated damages owed by Defendant, inclusive of interest calculated at

1.5% per month under section 7.4 of the license agreement. The Court has reviewed DIW's submissions as to these Recurring Fees and finds that they accurately and reasonably represent the amount Defendant owe to DIW. *See id.* Ex. I (Itemized Statement of Recurring Fees owed as of July 14, 2016). The damages asserted are reasonable under the circumstances, do not require further inquiry, and will be awarded by the Court.

## CONCLUSION

Plaintiff's motion for default judgment is granted. Judgment is entered against Defendants in the amount of $146,356.99. An appropriate order follows.

DATE: 15 November 2016

William H. Walls
Senior United States District Court Judge